THE GUTTA PERCHA AND RUBBER MANUFACTURING COMPANY, Appellant, *v.* THE MAYOR, ALDERMAN AND INHABITANTS OF THE CITY OF HOUSTON, Respondent.

An action upon a money judgment, whether recovered for a tort or upon contract, is an action to recover money as damages for "breach of contract, express or implied," within the meaning of the provision of the Code of Civil Procedure (§ 635), specifying the kinds of action in which attachments may be issued.

After judgment for a tort the previous cause of action is merged therein, and the recovery becomes a debt, the law implies a promise on the part of the judgment-debtor to pay it, and in an action thereon the plaintiff is entitled to such remedies, and only such, as are authorized in actions upon contract, and this whether the judgment is foreign or domestic.

(Submitted January 17, 1888; decided January 24, 1888.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made October 26, 1887, which reversed an order of Special Term denying a motion on the part of defendant to vacate an attachment herein and vacating the attachment.

The facts so far as material are stated in the opinion.

*Pelton & Poucher* for appellant. A judgment is a contract. (2 Black. Com. 465; 1 Parsons on Con. [6th ed.] 7; Chitty on Cont. 2, § 1; *Taylor* v. *Root*, 43 N. Y. 335; *Humphreys* v. *Persons*, 23 Barb. 318; *State of Louisiana* v. *Mayor, etc.*, 109 U. S. 291; *Nazro* v. *McCalmont Oil Co.*, 36 Hun, 296; *Mathews* v. *Bush*, 16 Johns. 233; *Jackson* v. *Fuller*, 6 Cow. 509, 590; *Mitchell* v. *Hawley*, 4 Denio, 414, 416; *McGuire* v. *Gallagher*, 2 Sandf. 402, 403; 3 R. S. [Banks 6th ed.] 2.) It is immaterial for what cause of action the judgment was recovered. It is still a contract. (*Taglor* v. *Root*, 43 N. Y. 335; 109 U. S. 291.)

*Michael H. Cardozo* for respondent. The jurisdictional facts necessary to sustain the issuing of a warrant of attachment must affirmatively appear. (*Richter* v. *Wise*, 3 Hun, 398; *Smith* v. *Davis*, 29 id. 306; *Pomeroy* v. *Ricketts*, 27 id.

242; *Donnell v. Williams*, 21 id. 216; *Southern, etc., Navigation Co.* v. *Sherwin*, 1 Civ. Pro., 44.) Unless a judgment was recovered upon a cause of action on contract, the judgment itself is not a contract. (*Louisiana v. Mayor of New Orleans*, 109 U. S. 285; *Chase* v. *Curtis*, 113 id. 452.) A judgment is not in itself a contract. (*O'Brien* v. *Young*, 95 N. Y. 428; *Remington Paper Co.* v. *O'Dougherty*, 6 Civ. Pro., 79; *S. C.* affirmed, 99 N. Y. 673; *McCoun* v. *N. Y. C. and H. R. R. R. Co.*, 50 id. 176; *Allen* v. *Clarke*, 43 Hun, 377; *Besley* v. *Palmer*, 1 Hill, 482; *Wyman* v. *Mitchell*, 1 Cow. 320; *State of Louisiana* v. *Mayor, etc., New Orleans*, 109 U. S. 285; *Chase* v. *Curtis*, 113 id. 452; *Rae* v. *Hulbert*, 17 Ill. 522; *Todd* v. *Crumb*, 5 Mac Lean, 172; *Bidleson* v. *Whytel*, 3 Burr. 154; *McDonald* v. *Davis*, 105 N. Y. 508; *Wells, Fargo & Co.* v. *Davis*, id. 670; 12 N. E. R. 42.)

Earl, J. The plaintiff commenced this action against the defendant in the Supreme Court of this state to recover the amount of a judgment rendered in its favor against the defendant in Texas, by a court in that state having jurisdiction of the action. For the purpose of obtaining an attachment against the defendant, an affidavit was made on behalf of the plaintiff in which it was stated, among other things, that the judgment was duly recovered in the Texas court; but there was no allegation in the complaint or statement in the affidavit showing what the judgment was recovered for. The attachment having been granted, a motion was made to vacate it on the ground that it did not appear for what the judgment was rendered, and hence that it may have been rendered in an action *ex delicto*, not embraced within section 635 of the Code which specifies the only cases in which attachments can be granted against the property of defendants. The motion to vacate was denied by the judge who granted the attachment, and then the defendant appealed from his order to the General Term, and there the order was reversed and the attachment vacated upon the ground that " the plaintiff's papers did not show that the action was brought to recover a sum of money only as

damages for the breach of a contract, express or implied, other than a contract to marry."

A judgment is not for all purposes and under all circumstances to be treated as a contract, and yet it has frequently been so treated. There is always on the part of the judgment-debtor an obligation or promise implied by law to pay the judgment. In *Taylor* v. *Root* (4 Keyes, 335), an action upon contract, it was held that a judgment in an action of slander could be set up as a counter-claim for the reason that it was a cause of action arising on contract and existing at the commencement of the action. In *Nazro* v. *McCalmont Oil Company* (36 Hun, 296), upon an appeal from an order of the Special Term denying a motion to vacate an attachment issued in an action brought upon a judgment recovered in the state of Pennsylvania, Davis, P. J. said : " We think a judgment is a contract, ' express or implied,' within the meaning of section 635 of the Code of Civil Procedure." In *Donelly* v. *Corbett* (7 N. Y. 500), an attachment was based upon a judgment recovered against the defendant in a suit in the state of South Carolina.

Two kinds of contracts are contemplated by section 635, express contracts, which are such as are voluntarily made by the parties thereto, and implied contracts, which, though not expressly made by the parties, are made by the law when it, enforcing a sound morality and a wise public policy, acting upon principles of equity and justice, imposes upon a party an obligation to pay a debt or discharge a duty. After the recovery of this judgment, whether it was recovered for a tort or upon contract, the recovery became a debt which the defendant was under obligations to pay, and the law implied a promise or contract on his part to pay it. The previous cause of action, whatever it was, became merged in the judgment. (*Besley* v. *Palmer,* 1 Hill, 482 ; *Goodrich* v. *Dunbar,* 17 Barb. 644 ; *McButt* v. *Hirsch,* 4 Abb. Pr. R. 441 ; *Mallory* v. *Leech,* 14 id. 449 ; *Clark* v. *Rolling,* 3 N. Y. 216, 227 ; *Suydam* v. *Barber,* 18 id. 468 ; *Atlantic Dock Co.* v. *Mayor, etc.,* 53 id, 64 ; Freeman on Judgments, §§ 215, 217.)

This is not, therefore, an action *ex delicto*, but *ex contractu*, and the plaintiff was entitled to such remedies only as are authorized in actions upon contracts.  If the Texas judgment had been for tort and the defendant had been a natural person, upon any judgment recovered in this action, an execution could not have been issued against the person of the defendant.  We find nothing in the letter of the statute, or in the policy upon which it is founded which requires us to hold that the plaintiff is not entitled to an attachment in this case, and we find no authority sustaining the contention of the defendant.  There are authorities which hold that judgments, for some purposes, are not contracts; but there is no authority that they are never to be treated as contracts, and all of them recognize the implied obligation of every judgment debtor to pay the judgment, and that for the purpose of actions and remedies upon them they are to be treated as contracts.  (*O'Brien* v. *Young*, 95 N. Y. 428; *Chase* v. *Curtis*, 113 U. S. 452.)  In a suit upon a binding judgment whether foreign or domestic, the plaintiff must therefore be entitled to the same provisional remedies to which he would be entitled in an action upon a contract express or implied.

If the plaintiff's original cause of action was for a tort, that was merged in the judgment, and the plaintiff could not thereafter sue in this state for the tort; but even if he could, there is no authority holding that he was obliged to, and that he could not take his remedy in this state upon the judgment treating the tort as merged therein.

We are, therefore, of opinion that the order of the General Term should be reversed, and that of the Special Term affirmed, with costs in all the courts.

All concur.

Ordered accordingly.