## AUSTIN T. FOSTER *v.* D. C. STEVENS.

*Taxation.   Stock in foreign bank.   Meaning of word "state" in R. L. 270.*

1. Shares of stock in a Canadian bank, which pays a direct tax in Canada proportioned to the amount of its paid up capital, are exempt from taxation as against residents of this State, under R. L. 270, which provides that shares of stock in a corporation "situated in another state" are exempt "when the corporation is taxed in such state for all its stock."

2. The word " state " as used in that section refers to foreign countries as well as other members of the Union.

Trover for the conversion of certain personal property. Plea, the general issue. Heard upon an agreed statement of facts at the September term, 1889, Orleans county, Royce, Ch. J., presiding. Judgment for the defendant. The plaintiff excepts.

The defendant justified as collector of taxes for the town of Derby, under a tax warrant issued to him by the town treasurer. The plaintiff claimed that his list was invalid because certain shares of stock in the Eastern Townships Bank were included in it by the listers. The Eastern Townships Bank was a Canadian corporation, located at Sherbrooke, in the Province of Quebec. The plaintiff claimed that the stock was not taxable in this State because exempted under R. L. 270, in that the bank paid taxes in Canada for all its stock. The paid up capital of the bank was $1,500,000. The Act of the legislature of the Province of Quebec under which the bank paid taxes upon its capital, so far as material to this case, was as follows:

("Assented to May 27th, 1882.)

"HER MAJESTY, by and with the advice and consent of the Legislature of Quebec, enacts as follows:

1. " In order to provide for the exigencies of the public service of this Province, every bank carrying on the business of banking in this Province, every insurance company accepting risks and transacting the business of insurance in this Province, every incorporated company carrying on any labor, trade or business in this Province, every incorporated loan company making loans in this Province, every incorporated navigation company running a regular line of steamers, steamboats or other vessels in the waters of this Province, every telegraph company working a telegraph line or part of a telegraph line in this Province, every telephone company working a telephone line in this Province, every city passenger railway or tramway company working a line of railway or tramway in this Province, and every railway company working a railway or part of a railway in this Province, shall, annually, pay the several taxes mentioned and specified in section three of this act, which taxes are hereby imposed upon each of such commercial corporations respectively.

2. " The term 'bank' includes savings banks; the term 'insurance company' comprises life, fire, inland, marine, guarantee and accident insurance companies, but does not include mutual insurance companies organized under the laws of this Province; the term 'incorporated loan company' includes building societies; the term 'incorporated company' does not include companies publishing newspapers or periodicals.

3. The annual taxes, imposed upon and payable by the commercial corporations mentioned and specified in section one of this act shall be as follows :

### I. BANKS.

(*a*) Five hundred dollars, when the paid up capital of the bank is $500,000 or less than that sum; $1,000, when the paid up capital is from $500,000 to $1,000,000 ; and an additional sum of $200 for each million or fraction of a million dollars of the paid up capital from $1,000,000 to $3,000,000 ; and a further additional sum of $100 for each million or fraction of a million dollars of the paid up capital over $3,000,000.

(*b*). An additional tax of $100 for each office or place of business in the cities of Montreal and Quebec, and of $20 for each office or place of business in every other place."

*L. H. Thompson* and *C. A. Prouty*, for the plaintiff.

The Eastern Townships Bank stock was exempt from taxa-

tion in this State because the bank paid taxes in Canada "for all its stock." R. L. 270.

This was not a business tax, nor a license tax. It was a tax directly upon the corporation.

A corporation has three kinds of property which may be taxed, viz : its real and personal property, its franchises, and its capital.

Desty Tax. s. 72.

This was not a tax upon its capital; nor upon the franchises. There was no attempt to measure the value of its franchises.
*Phila., &c., Steamship Co.* v. *Penna.*, 122 U. S. 376.

It was a tax directly upon its capital, and the only kind of a tax which the bank could pay for "all its stock."

Cool. Tax. 169 ; Desty Tax. 353.

Such a construction carries out the spirit of the statute. Having been once taxed, this stock ought not to be taxed a second time.

The word "state" is used in its generic sense and includes foreign countries.

*U. S.* v. *Freeman*, 3 How. 556 ; 2 Rap. & Law. L. Dict. Art. "State."

*Dickerman & Young*, for the defendant.

The Eastern Townships Bank stock was taxable in Vermont. The Canadian tax was a franchise tax.

*Tennessee* v. *Whitworth*, 117 U. S. 129 ; *New Orleans* v. *Houston*, 119 U. S. 265 ; *Farrington* v. *Tennessee*, 95 U. S. 679; *Minot* v. *Phil., Wilm. & Balt. R. R. Co.*, 85 U. S. 206; *Provident Savings Inst.* v. *Mass.*, 73 U. S. 611 ; *Commonwealth* v. *Hamilton Mfg. Co.*, 12 Allen 298 ; *Commonwealth* v. *N. E. Slate & Tile Co.*, 13 Allen 391 ; *Pratt* v. *Street Com. of Boston*, 139 Mass. 559 ; *Monroe Sav. Bank* v. *Rochester*, 37 N. Y. 365.

Certainly it was not a tax upon the shares of stock. The

capital stock and shares of stock are not the same thing, and in order to entitle the shares of stock to exemption here, *they*, not the capital, must be taxed in the other State either to the stockholders or to the bank for the stockholders.

*Van Allen* v. *The Assessors*, 3 Wall. 573; *Queen* v. *Arnoud*, 9 Ad. & El. N. S. 806; *People* v. *Commissioners of taxes*, 4 Wall. 244; *Provident Savings Inst.* v. *Mass.*, 6 Wall. 611; *First Nat. Bank* v. *Kentucky*, 9 Wall. 353; *Bradley* v. *Illinois*, 4 Wall. 450; *Lionberger* v. *Rowse*, 9 Wall. 468; *Van Slyke* v. *Wisconsin*, 11 Wall.     ; *National Bank* v. *Britton*, 105 U. S. 322; *Minot* v. *Phil., Wilm. & Balt. R. R. Co.*, 18 Wall. 206; *Sturgis* v. *Carter*, 114 U. S. 511; *Farrington* v. *Tennessee*, 95 U. S. 679; *New Orleans* v. *Houston*, 119 U. S. 265; *McCullock* v. *Maryland*, 4 Wheat. 316; *Springfield* v. *Springfield Bank*, 87 Mo. 441; *Lionberger* v. *Rowse*, 43 Mo. 67-79; *St. Louis Building & Sav. Assn.* v. *Lightner*, 42 Mo. 421; *First National Bank of Hannibal* v. *Meredith*, 44 Mo. 500; *State Bank of Virginia* v. *City of Richmond*, 79 Va. 113; *City of New Orleans* v. *State National Bank*, 34 La. An. 892; *New Orleans* v. *Canal Bank*, 32 La. An. 104; *New Orleans* v. *N. O. & St. L. R.*, 27 La. An. 45; *Alleghany County* v. *Diamond Market*, 123 Penn. St. 164; Pittsburgh's Appeal, 123 Penn. St. 374; *McKeen* v. *County of Northampton*, 49 Penn. St. 519; *Whitesell* v. *County of Northampton*, 49 Penn. St. 526; *Lycoming County* v. *Gamble*, 47 Penn. St. 106; *Dwight* v. *Mayor and City of Boston*, 12 Allen 316; *Commonwealth* v. *Hamilton Mfg. Co.*, 12 Allen 298-309 and 310; *Pratt* v. *Commissioners of Boston*, 139 Mass. 559; *Davenport* v. *Equalization Board*, 64 Ia. 114; *R. & G. R. R. Co.* v. *Wake Co. Com.*, 87 N. C. 411; *City of Utica* v. *Churchill et al.*, 33 N. Y. 161-237; *Gleen* v. *Dodge*, 3 Cent. Rep. 283; *Deming et al.* v. *Perdicaries*, 96 U. S. 193; *Wheelock* v. *Moulton et al.*, 15 Vt. 519.

Taxation in another State does not exempt from taxation here.

*Bullock* v. *Guilford*, 59 Vt. 516; *Catlin* v. *Hull*, 21 Vt. 152; *St. Albans* v. *Car Co.*, 57 Vt. 68; *State* v. *Newark*, 24 N. J. L. 315.

The word " state " as employed in section 270 refers only to members of the United States, not to foreign countries.

The action of trover cannot be maintained. The listers had jurisdiction of the person of the taxpayer. If they erred in judgment in overvaluing the property or in setting property in the list which was exempt, the taxpayer's only remedy was by appeal to the board of civil authority.

*Osborne* v. *Inhabitants of Danvers*, 6 Pick. 98; *Bourne* v. *City of Boston*, 2 Gray 494; *Little* v. *Greenleaf*, 7 Mass. 238; *Howe* v. *City of Boston*, 7 Cush. 273; *Lincoln* v. *City of Worcester*, 8 Cush. 61; *Bates* v. *City of Boston*, 5 Cush. 93; *Salmond* v. *Hanover*, 95 Mass. 119; *Davis* v. *Macey*, 124 Mass. 193; *Stearns* v. *Miller et al.*, 25 Vt. 27; *Babcock* v. *Granville*, 44 Vt. 329; *Bemis* v. *Phelps*, 41 Vt. 1-6; *Stewart* v. *Maple*, 70 Penn. St. 221; *Clinton School District's Appeal*, 56 Penn. St. 315; *Forward's School District's Appeal*, 56 Penn. St. 318; *Van Wagenen* v. *Board of Supervisors*, 39 N. W. Rep. 105; *Macklot* v. *Davenport*, 17 Ia. 379; *New Orleans* v. *R. R. Co.*, 37 La. An. 48; *Schraiber* v. *Board of Assessors*, 37 La. An. 912; *R. R. Co.* v. *Commissioners*, 87 N. C. 129-134; *Baldwin* v. *City of Elizabeth*, 42 N. J. Eq. 11; *Comstock* v. *Grand Rapids*, 54 Mich. 641; *McDonald* v. *City of Escanola*, 62 Mich. 555.

The opinion of the court was delivered by

TYLER, J. The most important question that arises in the case is whether or not the plaintiff's Eastern Townships Bank stock is taxable in this State. R. L. 267 requires that all real and personal estate shall, except as otherwise provided, be set in the list at one per cent of its value in money on the first day of April of the year of its appraisal. Section 283 provides that shares of

stock in banks shall be set in the list like other personal estate to the owner thereof, in the town where he resides, if he resides in this State. Therefore, this property should bear its proportion of the burden of taxation, unless it falls within the exemption of the second division of section 270, R. L., which is as follows: "Shares of stock in a corporation situated in another state, when all the stock of such corporation is taxed in such state, to the holders, whether residing within or without such state, or when the corporation is taxed in such state for all its stock."

It appears by the agreed statement that the plaintiff's shares of stock were not taxed in Canada. The law of the Province of Quebec imposes a direct tax upon banks and certain other corporations and takes no notice of the individual shareholders for the purpose of taxation. Act 45 Victoria, Cap. 22, is entitled, "An act to impose certain direct taxes on certain commercial corporations." Section one enumerates the corporations which shall annually pay the several taxes specified in section three, in order to provide for the exigencies of the public service, and includes banks in the enumeration. Section three reads: "The annual taxes, imposed upon and payable by the commercial corporations mentioned and specified in section one of this act, shall be as follows:

I.   BANKS.

(*a*)  " Five hundred dollars when the paid up capital of the bank is five hundred thousand dollars or less than that sum ; one thousand dollars when the paid up capital is from five hundred thousand dollars to one million dollars ; and an additional sum of two hundred dollars for each million or fraction of a million dollars of the paid up capital from one million dollars to three million dollars ; and a further additional sum of one hundred dollars for each million or fraction of a million dollars of the paid up capital over three million dollars.

(*b*)  "An additional tax of one hundred dollars for each office or place of business in the cities of Montreal or Quebec, and of twenty dollars for each office or place of business in every other place."

The above act was passed by the legislature of the Province of Quebec, May 27, 1882, and was operative upon the Eastern Townships Bank, which was located in Sherbrooke, in that Province, and doing business there with a capital of one million five hundred thousand dollars. This bank has been taxed and paid its taxes each year since the passage of the act, in compliance with its requirements.

No question can now be raised but that the legislature had authority to pass the act. It derived its power to legislate from the British North American Act of 1867, by which the Dominion of Canada was formed. That act provides that in each Province the legislature may exclusively make laws in relation to matters coming within the classes of subjects enumerated, that is to say, "Direct taxation within the Province in order to the raising of a revenue for Provincial purposes."

This authority of the legislature and the right of the government to collect taxes under the act was contested by certain banks and other corporations in several suits, which finally passed by appeal to the Privy Council of England, where it was held, sustaining the decree of the Queen's Bench, that the tax imposed was not a tax upon any commodity which the banks dealt in and could sell at an enhanced price to their customers; that it was not a tax on their profits nor on their several transactions; but that it was a tax of a direct lump sum, assessed by simple reference to their paid up capital and their place of business.

The plaintiff, in the year 1888, was a resident and taxpayer in the town of Derby, in this State, and the owner of one hundred shares of stock in this bank, which the listers of that town set to him with his other personal estate in the grand list, so that the same was assessed for taxes that year. The question is, whether the payment of the annual tax by the bank to the Canadian government brings the case within the exemption provided by our R. L. 270, above quoted.

There are but three kinds of taxation to which corporations

can be subjected, namely, upon their real and personal property, upon their franchises and upon their capital stock. A reference to the Canadian statute shows that this tax was imposed upon corporations without any reference to the amount or value of their property, or its use, capacity or productiveness. It is almost equally clear that it was not designed as a franchise tax, a tax upon the privilege of carrying on business under corporate organizations within the Province. Generally when the latter tax is imposed means are adopted to ascertain the value of the franchise as indicated by the amount of business done by the corporation taxed. In this case the Provincial Legislature graduated its taxation of corporations, not according to the value of their corporate franchise, nor the amount of their business, but solely according to the amount of their paid up capital.

Capital and capital stock are in legal intentment synonymous, and are used in legislative acts as equivalent terms, though strictly not of the same meaning. It is said in 1 Desty on Taxation, 353, that capital and capital stock are in legal intentment synonymous, and are used in legislative acts as equivalent terms, though strictly not of the same meaning ; that capital stock means, not shares of stock either separately or in the aggregate, but it is intended to designate the property of the corporation subject to taxation, not in separate parcels, but in a homogeneous unity. In *Tennessee* v. *Whitworth*, 117 U. S. 129, somewhat different language is used. Chief Justice Waite speaks of the money paid in by subscribers for the shares of the capital stock as constituting the capital of the corporation, although the stock created by such subscription and payment was the property of the several holders of the shares; also of the aggregate of the subscriptions making the aggregate of the stock, and each subscriber owning that part of the stock which his shares represent. He says that as capital it belongs to the corporation, but as stock it belongs to the holders of the shares into which the capital is divided. In that case the capital stock of the railroad company was exempt by its charter

from taxation, and it was held that the shares were for that reason also exempt.

Courts and law-writers doubtless mean the same thing; they only differ in forms of expression. Though the capital stock of a corporation is produced by the payment of subscriptions for shares, the aggregate of shares and capital stock are not identical. When the capital is divided into shares and sold the corporation ceases to be the owner of them. They then become the private property of the individual holders, while the money paid for them becomes the property of the corporation, its capital or capital stock with which to transact the business for which it was organized. Shares and stock are thus closely related. The court said in *National Bank* v. *Commonwealth* (*Ky.*) 9 Wall. 353, that shares in their aggregate totality are sometimes called the capital stock of a bank, though a different thing from its moneyed capital. Cooley on Taxation, 169, says, "So a tax on the shares of stockholders in a corporation is a different thing from a tax on the corporation itself or its stock, and may be laid irrespective of any taxation of the corporation when no contract relations forbid." Upon this ground the Supreme Court of the United States, in the cases referred to by defendant's counsel, has held that shares of stock in a corporation may be taxed although a tax has been laid upon the entire capital. Counsel for the plaintiff concede that shares of stock and capital stock are not one and the same thing, and that it is within the power of the legislature to lay a tax upon both; but they contend that, as the value of the shares depends upon the amount and value of the capital, a tax upon the latter is in effect a tax upon the former; that the amount of the dividends is necessarily diminished by the amount of the tax paid upon its capital stock.

By the terms, "all its stock," which is employed in section 270 of our statute, is not meant the aggregate of shares into which the capital stock of a corporation is divided, but the moneyed capital which was produced by the payment by the stockholders for their shares.

Taxes are defined as being the enforced proportional contribution of persons and property levied by the authority of the State for the support of government and for all public needs. By the laws of the Province of Quebec the entire capital stock of the Eastern Townships Bank was made to contribute its proportion of the expense of supporting the government under which it existed and transacted business. The question before us is not what the legislature of this State had the power to do in respect to the taxation of shares held by our citizens in a foreign corporation when the capital stock of the corporation has been taxed in the State in which it is located. We are to construe our statute as it stands, and it seems to us that the only reasonable construction to be given it is that it was intended to provide for such a case as this; that the capital stock of this corporation, having borne its proportion of the. public burden in one jurisdiction, its shares held here are exempt from taxation.

We think the word "state" employed in the statute should be construed to mean a foreign state as well as one of the United States. The statute was enacted for the relief and benefit of stockholders; therefore upon the reason of the law shares of stock in a foreign corporation should be exempt as well as those in a corporation located in one of the states of this Union.

The view that we have taken of the first question in the case renders it unnecessary to consider the other questions presented in the exceptions.

*Judgment reversed, and judgment for the plaintiff to recover the value of the property as appears in the agreed statement, with interest.*