(31 Abb. N. C. 235; 7 Misc. Rep. 579.)

## WOOD v. WOOD.

(Common Pleas of New York City and County, Special Term. April 2, 1894.)

ALIMONY—ACTION ON FOREIGN DECREE OF DIVORCE.

   In an action on a foreign judgment of divorce, awarding alimony to plaintiff, no other relief can be had than a recovery for past-due alimony.

   In such action, equity has no jurisdiction to sequestrate defendant's property, or compel him to give security for future alimony.

(Syllabus by the Court.)

Action by Mattie L. Wood against Raphael Wood to enforce payment and security for alimony decreed to plaintiff in a judgment for divorce by a French court. Defendant demurs to the complaint

on the ground that the court has no jurisdiction of the subject of the action, that two causes of action are improperly united, and that the complaint does not state facts sufficient to constitute a cause of action. Overruled.

Black & King, for plaintiff.

Coudert Bros., for defendant.

PRYOR, J. In an action for divorce from the bonds of matrimony, with jurisdiction of the subject-matter and the parties, the civil tribunal of the first instance of the department of the Seine in the city of Paris, in the republic of France, gave judgment in favor of the plaintiff, with an allowance of 800 francs a month alimony for the support of herself and children. Reciting this judgment, and the further facts that specific installments of alimony are due and unpaid; that the defendant has departed from France, and is now resident in the state of New York; that he left no property in France by which the judgment for alimony might be satisfied; that he is owner of property in this state to the amount of $100,000; that he threatens and intends to dispose of this property in fraud of the plaintiff's rights, and to escape from the jurisdiction of the courts of the state; and that the plaintiff will be remediless without the relief prayed for,—the complaint demands judgment—First, that the decree of the French court be made the decree of this court, with the same force, effect, and validity, and be enforced against the defendant by this court in the same manner, as if said decree were the final judgment of this court; secondly, that the defendant be adjudged to pay plaintiff the alimony in arrear, and future alimony in the sum of $154.60 a month; thirdly, that defendant be required to give security for said future alimony; fourthly, for sequestration of defendant's property in this state; fifthly, for an injunction against the disposition of defendant's said property; and, sixthly, for other and further relief. To the complaint a demurrer is interposed, on the grounds that the court has no jurisdiction of the subject of the action; that two causes of action are improperly united; and that the complaint does not state facts sufficient to constitute a cause of action.

Argument is unnecessary to show the first two positions to be untenable. Obviously but one cause of action is exhibited, and of that the court has unquestionable jurisdiction. Roblin v. Long, 60 How. Pr. 200. Indeed, the single objection to the complaint, urged in the brief of defendant's counsel, is that it is insufficient in substance. But, if the facts stated show a right to any relief, whether legal or equitable, the complaint is invulnerable on demurrer (Johnson v. Girdwood [Com. Pl. N. Y.; filed March, 1894] 28 N. Y. Supp. 151, and citations), and for the unpaid installments of alimony awarded to her by judgment in personam of the foreign court the plaintiff exhibits a clear and incontestable cause of action (Barber v. Barber, 21 How. 582; Dunstan v. Higgins, 138 N. Y. 70, 33 N. E. 729). The objection that a judgment for money only would be more favorable to plaintiff than a judgment for money and sequestra-

tion is palpably inadmissible. The real question in controversy between the parties is whether the plaintiff be entitled to the specific relief prayed, namely, security and sequestration. As, in any event, the demurrer must be overruled, the point need not be considered; but, under the circumstances, counsel have a right to the opinion of the court upon it. The relief sought is the relief provided in section 1772 of the Code in an action of divorce; but here is not an action of divorce, nor a demand for a judgment of divorce. The claim is upon a foreign judgment of divorce, to enforce payment of the alimony therein decreed. Beyond doubt the Code is inapplicable to the case. The plaintiff is entitled to the remedy of the forum, and, if she were suing for divorce, the remedy she solicits might be accorded to her. But she is not suing for divorce; and the inquiry is, what remedy is available to her by the law of New York? Aside from the statute, the plaintiff insists that on principles of equity jurisprudence she may have the relief; but what principle? Equity has no power to decree alimony. 3 Pom. Eq. Jur. § 1120. In this state jurisdiction to award alimony is the creature of statute, and an incident of a matrimonial suit. Burtis v. Burtis, Hopk. Ch. 557; Davis v. Davis, 75 N. Y. 221; Ramsden v. Ramsden, 91 N. Y. 281. It is answered that the action is to enforce payment of alimony due under a judgment of divorce, but whence does equity acquire jurisdiction of the relief? An action at law, to recover installments of alimony as they accrue, is the plain, appropriate, and adequate redress. It is said the defendant may depart, or make away with his property; but against that contingency the ancillary processes of arrest, attachment, and injunction afford a sufficient safeguard. It is said again that still the plaintiff has no security for future alimony; but the French decree does not sequestrate the defendant's property, and, in the absence of any lien or other specific claim on such property, he has a right to dispose of it, and plaintiff's reliance is on his personal credit. Adler v. Fenton, 24 How. 407. In Bullock v. Bullock (N. J. Ch.) 27 Atl. 435, a decree of divorce in New York to secure alimony directed a mortgage on land in New Jersey, and yet the vice chancellor in New Jersey sustained a demurrer to a bill for enforcement of the New York judgment, on the ground that the remedy for the plaintiff's wrong was only such as was provided by the law of the forum. Barber v. Barber, 21 How. 582, is cited contra, but the decision was by a divided court; Taney, C. J., and Daniel and Campbell, JJ., dissenting. I am clear that the weight of ability and of argument is with the minority of the court, and that the principles of the prevailing opinion are without support in the jurisprudence of New York. By the comity of nations this court will give effect to rights acquired under a foreign law, but such effect is only that which its own sovereign prescribes,—the lex fori. Gutta-Percha & Rubber Manuf'g Co. v. Mayor, etc., 108 N. Y. 276, 15 N. E. 402; Rice v. Harbeson, 63 N. Y. 493, 502. The lex fori—the law of this state—gives effect to a right of alimony acquired abroad only by an action for its recovery. Gutta-Percha & Rubber Manuf'g Co. v. Mayor, etc., 108 N. Y. 276, 279, 15 N. E. 402. If the right were

·qualified by an element of chancery jurisdiction, equity might aid its enforcement by its peculiar procedure; but such is not the case. The French judgment of divorce is not, and cannot be made, a New York judgment of divorce; but only to execute its own judgment of ·divorce does the state provide for sequestration and security. Code, § 1772. The French judgment is no more enforceable here by this process than any foreign judgment is enforceable by our domestic writ of execution. My conclusion is that the plaintiff is entitled to no other relief than the recovery of past-due alimony; but, as her right to that is incontestable on the pleadings, the demurrer must be overruled. Demurrer overruled, with leave to answer on payment of costs.