(169 App. Div. 597)

WILLIAMSON v. WILLIAMSON.    (No. 7686.)

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

DIVORCE ☞331—ALIMONY—ACTIONS.

   Where plaintiff in Illinois recovered a judgment awarding her $5 per week permanent alimony, in addition to certain costs, and there was no reservation by the court of power to alter the decree, the judgment was a final one, and suit to recover unpaid installments of alimony might be maintained in New York, it being a mere legal action on a judgment, particularly as Code Civ. Proc. § 1772, relating to support and maintenance, has been amended so as to provide for enforcement of foreign decrees for maintenance, etc.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. ☞331.]

Appeal from Trial Term, New York County.

Action by Georgiana C. Williamson against Eugene Williamson. From a judgment for plaintiff, and an order denying defendant's motion to reduce the verdict, and an order denying defendant's application for reargument, he appeals.   Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Isaac N. Jacobson, of New York City (May & Jacobson, of New York City, of counsel), for appellant.

Emil Frankel, of New York City (David Cohen and Nathan G. Goldberger, both of New York City, on the brief), for respondent.

CLARKE, J.   The complaint alleges that on September 2, 1911, at Chicago, Ill., the plaintiff obtained a judgment of divorce against the defendant, which judgment awarded to the plaintiff $5 per week permanent alimony, to be paid by the defendant to the plaintiff on Monday of each and every week from and after the date of said decree, and the plaintiff in said action, in addition thereto, to pay the sum of $114 costs of said action; that said judgment was duly rendered in the superior court of Cook county after due appearance in said action by the plaintiff and defendant, and after the court which had jurisdiction of said action had duly acquired jurisdiction over the same and the parties thereto; that defendant has neglected and refused to pay, although payment thereof has been duly demanded, the amounts payable, to wit, $5 per week since September 2, 1911, amounting at the time of the commencement of this action to $815, together with $114 costs.   Judgment is demanded for said sums.

The point made is that the courts of this state will not enforce the provisions of a foreign judgment of divorce in so far as they apply to the payment of alimony accruing by the terms of the foreign judgment after the date of the decree.   Appellant concedes that the judgment is conclusive as to amounts fixed by said judgment and due at the entry thereof, and therefore no objection is made to the $114 counsel fees and costs, and interest thereon; but, as there was no alimony which had accrued at the time of the decree, it is claimed that a judgment

may not be entered here upon this decree for the alimony which has since accrued. I do not think the point well taken. There is nothing uncertain about the Illinois decree. A definite amount is fixed therein, payable at prescribed dates. There was no reservation by the court of power to alter or affect said provisions thereafter. It was a final judgment.

The case of Lynde v. Lynde, 41 App. Div. 280, 58 N. Y. Supp. 567, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332, and 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, is relied upon and quoted from extensively in appellant's brief; but in that case the Special Term not only adjudged that plaintiff pay all alimony, counsel fees, and costs in excess of $14,000 and $80 per week alimony in the future, but it required defendant to give $100,000 security for the payment of such alimony and enjoined him from disposing of any of his property except the income thereof until he made the prescribed payments or gave such security, and named a receiver to whom he must transfer his real and personal estate if he failed to pay the alimony or secure the payment thereof.

The court on appeal modified that judgment, so as to merely adjudge that the plaintiff recover from the defendant the amount of the past due alimony awarded to her by the New Jersey decree. After that decision section 1772 of the Code was amended, so as to provide that where a judgment rendered in another state upon the ground of adultery, upon which an action has been brought in this state, and judgment rendered therein requires the husband to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court may, in its discretion, apply the same remedies for enforcement as to a judgment rendered in this state. In Moore v. Moore, 143 App. Div. 428, 128 N. Y. Supp. 259, this court, Mr. Justice Miller writing, held that the statute had been amended to avoid the effect of the decision in the Lynde Case and fully applied all the equitable remedies to a divorce judgment obtained in Pennsylvania which would be applicable to a domestic judgment. This was affirmed in 208 N. Y. 97, 101 N. E. 711.

But there is no attempt made here to invoke any of the equitable powers conferred by said section in the way of sequestration or contempt proceedings or receivership. This is an action upon a foreign decree for a money judgment, to be enforced by ordinary execution. In Wood v. Wood, 7 Misc. Rep. 579, 28 N. Y. Supp. 154, it was held that:

"For the unpaid installments of alimony awarded to her by judgment in personam of the foreign court the plaintiff exhibits a clear and incontestable cause of action.

The final judgment sued upon fixes the amount payable, subject to calculation as time elapses. There is no provision as to the future in the judgment appealed from. It determines what was due at the date of entry. It was right, and the judgment and order appealed from should be affirmed, with costs to the respondent. All concur.