ELVIRA THECLA BOISSEVAIN, Plaintiff, *v.* DANIEL GIDEON BOISSEVAIN, Defendant.

Supreme Court, New York County, March 12, 1927.

Husband and wife — divorce — action to have foreign decree of divorce made judgment of Supreme Court — decree of divorce granted in foreign country on ground of adultery may be enforced in courts here, under Civil Practice Act, §§ 1171 and 1172 — said sections are not limited to decree rendered in States of United States — plaintiff's complaint, sounding in equity, is insufficient where it does not allege that decree was granted for adultery — plaintiff given leave to amend complaint.

A decree of divorce granted in a foreign country on the ground of adultery may be enforced in the courts of this State under sections 1171 and 1172 of the Civil Practice Act; said sections are not limited to a decree rendered in other States of the United States.

Plaintiff's complaint, which sounds in equity and seeks a judgment for accrued alimony under a foreign decree of absolute divorce and to have said decree made a judgment of the Supreme Court, is insufficient under said sections, since it does not allege that the decree was granted because of the adultery of the defendant; the grounds upon which the foreign decree was granted must be the same as those which would justify such a decree in an action in this State.

But since the plaintiff may have obtained her divorce on the ground of adultery, she may amend her complaint and thus present a case for proper equity jurisdiction; otherwise, she may amend so as to present an action at law.

ACTION for accrued alimony under a foreign decree of absolute divorce and to have the foreign decree made the judgment of this court.

*Moses, Nehrbas & Tyler* [*Charles J. Nehrbas* of counsel], for the plaintiff.

*Charles A. Van Hagen, Jr.,* for the defendant.

LEVY, J. Plaintiff obtained a decree of absolute divorce from her husband in the Netherlands where both were domiciled, together with an allowance as alimony. Thereafter she obtained a judgment in this jurisdiction for arrears in alimony, and she now sues for additional arrears from the date of the previous judgment to the time of the prospective entry of judgment in the present action, and also asks that the foreign decree be made the judgment of this court and enforcible in the same manner. Defendant moves to dismiss the complaint " as to the cause of action in equity " on the ground of its insufficiency. There is only one cause of action stated in the complaint, but twofold relief is demanded, the second of which is undoubtedly in equity. The first demand might seem to imply an action at law for arrears in alimony. But as it does not seek a judgment for a definite sum, but for the amounts required to be paid between the 14th day of February, 1926, and the date of the entry of judgment, it would also seem to involve a demand for equitable relief. While the determination of this motion upon the pleading alone is not difficult, a certain interesting and novel question is raised in connection therewith, which seems to require elucidation because it is certain to arise again in the progress of this very cause, unless here decided. The defendant does not deny that an action at law for arrears in alimony under a judgment properly obtained in a foreign country is appropriate. But he urges that there is no authority for an action to make the decree of a foreign jurisdiction the judgment of this court, with all the equitable relief to which such a decree will entitle the plaintiff; that section 1171 of the Civil Practice Act in providing such relief to the successful plaintiff upon a judgment rendered *in another State,* was intended to confine its benefits to decrees obtained in another State of the Union and not to those granted in a foreign land. An intelligent consideration of this point requires a brief survey of the history of this legislation.

As the section originally read (section 1772 of the Code of Civil Procedure) the relief of sequestration and security in matrimonial

actions was construed to be limited to domestic decrees. Thus, in *Lynde* v. *Lynde* (41 App. Div. 280; affd., 162 N. Y. 405; 181 U. S. 183) the plaintiff in her suit to enforce the alimony provisions of a New Jersey decree of divorce obtained a judgment at Special Term reading that it be enforced " with like force and effect as if the same were a judgment of this court." The higher courts ruled that the judgment was erroneous in this respect, holding that the courts of this State will not enforce the alimony provisions of a foreign judgment except by an action at law to recover arrears. The Appellate Division in reaching this decision was very largely influenced by the learned opinion of Mr. Justice PRYOR in *Wood* v. *Wood* (7 Misc. 579), in which he said (at p. 582): " By the comity of nations this court will give effect to rights· acquired under a foreign law, but such effect is only that which its own sovereign prescribes, the *lex fori*. *Gutta Percha, etc., Co.* v. *Mayor*, 108 N. Y. 276; *Rice* v. *Harbeson*, 63 id. 493, 502. The *lex fori*— the law of this State — gives effect to a right of alimony acquired abroad only by an action for its recovery. 108 N. Y. 276, 279. If the right were qualified by any element of chancery jurisdiction, equity might aid its enforcement by its peculiar procedure, but such is not the case. The French judgment of divorce is not, and cannot be made, a New York judgment of divorce, but only to execute its own judgment of divorce does the State provide for sequestration and security. Code, § 1772. The French judgment is no more enforcible here by this process than any foreign judgment is enforcible by our domestic writ of execution."

Both the *Wood* and the *Lynde* cases were decided obviously under section 1772 of the Code as it then read, limiting the remedies of security and sequestration solely to domestic decrees. The effect of the amendment, however, which broadened the scope of that section may be gathered from the following language of Mr. Justice CLARKE in *Williamson* v. *Williamson* (169 App. Div. 597, 599): " After that decision section 1772 of the Code was amended so as to provide that where a judgment rendered in another State upon the ground of adultery upon which an action has been brought in this State and judgment rendered therein requires the husband to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court may, in its discretion, apply the same remedies for enforcement as to a judgment rendered in this State."

Does the amendment now embodied in section 1171 of the Civil Practice Act limit the relief to a decree obtained only in another State of the United States, or is it comprehensive enough to embrace that of any foreign country? It seems to me the term

" State " is used in both senses. It is often employed to denote " a political community organized under a distinct government recognized and conformed to by the people as supreme; a commonwealth; a nation." (Standard Dictionary.) Frequently the context of a statute indicates that the sense of a term thus employed is to be limited. But at times the purpose of the legislation reveals that a wider scope was clearly intended. For example, in construing a statute which relieved domestic holders of stock of a corporation of another State from additional taxation in the ·home State upon their holdings, the court in *Foster* v. *Stevens* (63 Vt. 175, 184) said: " We think the word ' state ' employed in the statute should be construed to mean a foreign state as well as one of the United States. The statute was enacted for the relief and benefit of stockholders; therefore upon the reason of the law shares of stock in a foreign corporation should be exempt as well as those in a corporation located in one of the states of this Union."

The purpose of the statute in question studied in the light of the status of foreign divorces in this jurisdiction will, therefore, reveal the scope of the amendment of 1904 (Chapter 318 of the Laws of that year) enacted after the *Lynde* decision. It may be noted that there is no distinction between the attitude of the courts of this State toward a divorce properly obtained in a foreign country and one so granted in a sister State of the Union. A decree of divorce duly obtained in a foreign land where both parties submitted to the jurisdiction, will indeed be held a complete dissolution of the marriage contract and recognized as such in every other country. This necessarily follows from the principle of the comity of nations. On the other hand, the recognition in this State of the validity of divorces thus obtained in other States of the Union is based not only on the ground of comity but on the " full faith and credit " clause of the Federal Constitution contained in article 4, section 1. (*Leshinsky* v. *Leshinsky*, 5 Misc. 495.) A person suing for arrears in alimony on the judgment obtained in another State of this country is not in any more favored position, as I view it, than one seeking such relief under a judgment obtained in a foreign land. When the plaintiff in the *Lynde* case sought to secure the benefits of the relief provisions contained in the present section 1171 of the Civil Practice Act, basing her demand on the " full faith and credit " clause of the Constitution, the court held this did not entitle her to avail herself of the advantages of sequestration, security and contempt. To remedy the situation apparently and to furnish prevailing parties in foreign matrimonial litigation the same extraordinary remedies for the enforcement of their judgments as those who had domestic

decrees, section 1772 of the Code was appropriately amended to insure this effect. No good reason seems to suggest itself why beneficiaries under a decree of a foreign country who had been on a par with those under a decree of another State of the Union prior to the amendment, in the matter of enforcing their judgments by suits at law, should have been suddenly discriminated against by the amended statute. The evident purpose of the latter was to give the auxiliary remedies to holders of judgments of any foreign jurisdiction whatsoever, provided the grounds of the divorce or separation respectively, upon which such decrees were predicated, were identical with those in this State.

In the light of this construction let us proceed to examine the complaint before us. It indicates that the plaintiff had obtained a judgment for absolute divorce. It does not specify the grounds upon which this was granted. While this is not material to prevent her from obtaining a judgment for arrears in alimony, it is undoubtedly important in deciding whether the remedies in sections 1171 and 1172 of the Civil Practice Act are available to her. The former provision permits sequestration under a foreign judgment in a matrimonial action only where the grounds upon which the decree is granted are the same as those which will justify such a judgment in an action in this State. (*Beeck* v. *Beeck*, 211 App. Div. 720.) Section 1172, which provides for punishment by contempt, also appears to extend to foreign judgments, and must, therefore, be construed in connection with section 1171 in respect to the grounds upon which the action was begun in the foreign State, which are recognized here. The complaint sounding in equity, is, therefore, insufficient to enable the plaintiff to invoke the equitable remedies provided for by these statutes, and the disposition of this application must be determined by the decision in *Robinson* v. *Whitaker, Nos. 1–4* (205 App. Div. 286), where it is said (at p. 291): " The action having been brought on the equity side of the court, the law is well settled that the complaint should show that the plaintiff has no adequate remedy at law. If the complaint shows upon its face that the plaintiff has an adequate remedy at law, a motion to dismiss made under rule 106 of the Rules of Civil Practice should be granted, with leave to serve a proper complaint on the law side of the court. (*Low* v. *Swartwout*, 171 App. Div. 725; *Adelson* v. *Sacred Associates Realty Corporation, No. 1*, 192 id. 601.)"

Quite recently the Appellate Division in this department had before it the case of *Miller* v. *Miller* (219 App. Div. 61). There, a similar attempt was made to obtain an equitable judgment on a foreign divorce decree, granted on the ground of extreme cruelty. The court's comment on this was as follows (p. 64): " We believe

that sections 1171 and 1172 of the Civil Practice Act (Code of Civil Procedure) must be read together and as so read under the construction given by this court in the *Beeck Case* (*supra*) to section 1171 of the Civil Practice Act, the plaintiff herein, having sued on a decree of a foreign court granting divorce on the ground of cruelty, is limited under section 1172 of the Civil Practice Act to the recovery of a money judgment for the amount representing alimony for the support of herself and her children due and unpaid at the time specified in the order appealed from, which judgment can be enforced by execution." Evidently the views here adopted are in harmony with those expressed by the Appellate Division.

It may be, however, that the actual grounds upon which plaintiff obtained her divorce fully justify her in her demands. In that event, she may suitably amend her complaint and thus present a proper case for equity jurisdiction. Otherwise, she may likewise amend so as to present an action at law. The motion to dismiss is, therefore, granted, but with leave to appropriately amend within twenty days after the service of a copy of this order with notice of entry. Settle order.