ELVIRA THEKLA BOISSEVAIN, Plaintiff, *v.* DANIEL GIDEON BOISSE-VAIN, Defendant.

Supreme Court, New York County, July 26, 1927.

**Husband and wife — divorce — foreign divorce — judgment recovered in Holland on personal service on ground of adultery — judgment is enforcible here, under Civil Practice Act, §§ 1171, 1172.**

A judgment of divorce recovered in Holland on a personal service based on the ground of adultery may be enforced in this State, under sections 1171 and 1172 of the Civil Practice Act, in the same manner as a domestic judgment may be enforced.

The words " another State," as used in said sections, include a foreign country and are not limited to another State of the United States.

ACTION to enforce judgment for payment of alimony based on foreign decree of divorce.

*Moses, Nehrbas & Tyler* [*Charles J. Nehrbas* of counsel], for the plaintiff.

*Ralph Stout*, for the defendant.

FRANKENTHALER, J. The amended complaint alleges the marriage of the plaintiff and the defendant in the city of New York in 1901; that the plaintiff procured an absolute decree of divorce against the defendant upon the ground of the defendant's adultery, in the city of Amsterdam, Holland, in November, 1923, in which decree defendant was directed to pay to the plaintiff alimony at the rate of £500 per year in equal quarterly installments; that upon said judgment of divorce and decree the plaintiff recovered a judgment against the defendant for arrears in alimony in the sum of $5,765.49 of which no part except the sum of $400 has been paid; that no sums have been paid under the decree of the divorce and the alimony granted since the 14th day of February,

11

1926, the date of the previous judgment for arrears. The complaint thereupon demands relief (a) for the accrued alimony from date of the previous judgment up to the entry of judgment in the within action; (b) for provision for future payments and for enforcement of the judgment and decree in the same manner as a judgment of the courts of this State.

The difference between the instant amended complaint and the original complaint which was dismissed upon motion of the defendant for failure to state a cause of action is that this complaint alleges that the decree of divorce obtained by the plaintiff against the defendant in Holland was procured upon the ground of the defendant's adultery. The able opinion of my learned associate upon the previous motion is enlightening. (*Boissevain* v. *Boissevain*, 129 Misc. 5.)

The argument of the defendant upon this motion is that the words " another State," as used in sections 1171 and 1172 of the Civil Practice Act, do not include a foreign country. In support of this contention defendant cites section 47 of the General Construction Law.

" § 47. State. The term state, when used generally to include every state of the United States, includes also every territory of the United States and the District of Columbia."

This does not mean that the generic term " State " merely applies to the different States of the United States. The section quoted merely means that the Territories and District of Columbia are included by the terminology of the word " State " when referring to the States of the United States. It does not mean that the generic term " State " includes only States of the United States and Territories thereof. The generic term " State " as understood in international law and in statutory construction generally refers to a sovereign body politic whether that sovereign body politic be a State of the United States or a foreign country. The term is used in sections 1171 and 1172 of the Civil Practice Act in its generic sense and refers to the judgment, or decree, or order of a foreign sovereign body politic applicable both to independent sister States and to foreign countries.

The judgment of divorce obtained in Holland on the ground of adultery with personal service upon the parties is enforcible under sections 1171 and 1172 of the Civil Practice Act as a judgment of this State and the motion to dismiss the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action is denied, with ten dollars costs.