## FESSENDEN v. RADIO CORPORATION OF AMERICA.

### No. 1054.

District Court, D. Delaware.

March 27, 1935.

Samuel E. Darby, Jr. (of Darby & Darby), of New York City, and E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., for plaintiff.

William G. Mahaffy, of Wilmington, Del., and Abel E. Blackmar, Jr. (of Sheffield & Betts), of New York City, for defendant.

NIELDS, District Judge.

This is a motion to dismiss the bill of complaint on the ground that plaintiff is without capacity to sue in this jurisdiction. The bill charges defendant with infringement of two letters patent issued in 1927 to plaintiff's intestate. By paragraph 9 of the bill it appears that in 1932 plaintiff was appointed by an order of the Supreme Court of Bermuda the administratrix of the estate of the patentee and thereupon became possessed of the title and all interest in the patents except certain licenses granted thereunder.

In the absence of a statute permitting it, a foreign administrator cannot sue. Plaintiff is an officer of the court in Bermuda, but gained no authority by virtue of that appointment to act as officer in Delaware. Defendant admits this rule but relies upon the Delaware statute for permission to sue here. Revised Code of Delaware, § 3404, provides in part: "Letters testamentary, or of administration, granted in *any other State,* and produced under the seal of the office, or Court, granting the same, shall be received in this State as competent authority to the executor, or administrator, therein named. * * *" (Italics supplied.)

This enabling statute should be liberally construed. Its purpose is to facilitate the administration of foreign estates. Courts incline to extend rather than restrict the

spirit of comity in such matters. Woerner, The American Law of Administration (3 Ed.) § 163. Deringer's Adm'r v. Deringer's Adm'r, 5 Houst. (Del.) 416, 425, 1 Am. St. Rep. 150. Provident Life & Trust Co. v. Fletcher (D. C.) 237 F. 104, 111.

"State" in the Delaware statute may be construed to comprehend a foreign country if that scope was intended. If "state" be restricted to mean only a state of the Union, then the territories and District of Columbia would be excluded. This was clearly not intended. The meaning given the word in construing other statutes affords some guidance.

The New York Civil Practice Act (section 1171) affords remedies in respect of divorces granted in another "state." The court applied the relief where a divorce had been obtained in the Netherlands, saying: "Does the amendment now embodied in section 1171 of the Civil Practice Act limit the relief to a decree obtained only in another state of the United States, or is it comprehensive enough to embrace that of any foreign country? It seems to me the term 'state' is used in both senses. It is often employed to denote 'a political community organized under a distinct government recognized by the people as supreme; a commonwealth; a nation.' Standard Dictionary. Frequently the context of a statute indicates that the sense of a term thus employed is to be limited. But at times the purpose of the legislation reveals that a wider scope was clearly intended." Boissevain v. Boissevain, 129 Misc. 5, 220 N. Y. S. 579, 581.

Under a Vermont statute (Rev. Laws § 270) shares of stock owned by residents of Vermont are taxed, unless they are shares in a corporation of another state and taxed under the laws of that state. Vermont sought to tax shares of a corporation of the Province of Quebec held by a resident of Vermont. The court considered whether Quebec was a "state" within the meaning of the exemption, and said: "We are to construe our statute as it stands, and it seems to us that the only reasonable construction to be given it is that it was intended to provide for such a case as this; that, the capital stock of this corporation having borne its proportion of the public burden in one jurisdiction, its shares held here are exempt from taxation. We think the word 'state' employed in the statute should be construed to mean a foreign state as well as one of the United States. The statute was enacted for the relief and benefit of stockholders; therefore,

upon the reason of the law, shares of stock in a foreign corporation should be exempt as well as those in a corporation located in one of the states of this Union." Foster v. Stevens, 63 Vt. 175, 22 A. 78, 79, 13 L. R. A. 166.

In construing the New York Act and the Vermont statute the courts held that "state" may signify a foreign country. By applying the same rule of liberal construction, "state" comprehends a foreign nation in the Delaware statute. In my opinion Bermuda is included within the meaning of "state" in section 3404 of the Revised Code of Delaware.

The motion to dismiss must be denied.