JOURNAL ENTRY AND OPINION
This is an appeal from a judgment following a bench trial before Judge David T. Matia and a cross appeal from an order of Judge Pat Kelly denying a motion for partial summary judgment. Appellee-Cross Appellant Michael Frate, dba Empirical Sound, brought a creditor's action against appellants Alex Solomon Family Limited Partnership, Alexander Solomon Shopping Center Management, Inc., and Alexander Solomon, individually and as Trustee of the Alex A. Solomon Trust (collectively, the Solomon parties) to satisfy a judgment he had obtained against Alexander Solomon. Frate claimed Solomon had transferred his assets to a revocable trust and sham corporations to avoid paying a judgment of over $19,000. The Solomon parties claim it was error to enter judgment against them on the basis that Frate cannot sue to collect on the underlying judgment because Empirical Sound is an unregistered trade name, and therefore lacks capacity to sue or collect judgments. Frate counters that this issue has already been decided in his favor in the underlying action, because this court ruled that he could recover on a conversion claim in his own name. Frate dba Empirical Sound v. Al-Sol, Inc. dba The Edge (Apr. 22, 1999), Cuyahoga App. No. 73459, unreported (hereinafter, Frate II.
Frate's cross-appeal claims that Solomon had an equitable interest as Trustee in his self-settled revocable trust that would be subject to a creditor's claim and it was error to deny his motion for partial summary judgment on that issue. We affirm the judgment.
On September 2, 1997, Frate was awarded judgment against Solomon, Al-Sol, Inc., and AE Investment Co. for $19,336.00. On October 24, 1997, Judge Carolyn B. Friedland awarded Frate an additional $4,000 in attorney's fees. The judgment stemmed from breach of a lease agreement, and ultimate conversion of lighting and stereo equipment that Frate leased to Solomon, Al-Sol, Inc., and AE Investment Co. The Solomon defendants appealed, claiming that the named lessor, Empirical Sound, had no capacity to sue because Frate had not registered it as a trade name or fictional name.
While post-trial and appellate proceedings were pending in the underlying case, Frate executed on his judgment and discovered that Solomon, Al-Sol, and AE Investment Co. did not have sufficient assets to satisfy his judgment. On October 8, 1997, he filed this creditor's bill action naming the Solomon parties as defendants and alleging that Alex Solomon had fraudulently transferred his assets to sham corporations and a revocable trust and that Solomon's equitable interests could be reached under R.C. 2333.01.
On March 2, 1998, Frate filed a motion for partial summary judgment claiming that Solomon was both the settlor and trustee of the Alex A. Solomon Trust, which contained valuable assets, and that as Trustee Solomon was liable for the judgment. Judge Kelly, to whom the case was assigned, denied that motion on July 10, 1998.
In Frate dba Empirical Sound v. Al-Sol, Inc. dba The Edge (Nov. 19, 1998), Cuyahoga App. No. 73459, unreported, vacated Dec. 8, 1998 (Frate I), this court agreed that Frate could not recover on the breach of lease claim and reversed the judgment as well as the attorney's fee award based on the lease agreement. However, this court affirmed Frate's $19,336.00 judgment for conversion, finding that he could maintain a tort action in his own name despite the fact that R.C. 1329.10 barred the action on the lease.
On November 25, 1998, following this court's decision in Frate I, Frate renewed his motion for partial summary judgment. On December 8, 1998, following a request for reconsideration involving the recusal of one of the panel members in Frate I, the decision was vacated and set for hearing before a new panel. On January 20, 1999, Judge Matia, who assumed the docket of Judge Kelly, denied the renewed motion on the basis of this court's vacation of its decision in Frate I.
The claim was tried to the judge on April 13, 1999. On April 22, 1999, this court announced its decision in Frate dba Empirical Sound v. Al-Sol, Inc. dba The Edge (April 22, 1999), Cuyahoga App. No. 73459, unreported (Frate II), again reversing the judgment on the breach of lease and attorney fees but affirming Frate's judgment on his personal claim for conversion. Thereafter, the Solomon parties filed a motion to dismiss challenging the interpretation of that decision. On June 15, 1999, following Frate's response to that motion and a reply brief, the judge entered judgment for Frate and against all defendants, jointly and severally, in the amount of $19,336.00 plus 10% per annum interest from June 1, 1995 until the judgment is satisfied.
The Solomon parties submit a single assignment of error:
 WHERE THE PLAINTIFF IS A PERSON DOING BUSINESS UNDER AN UNREGISTERED TRADE NAME OR FICTITIOUS NAME UNDER R.C. 1329.10(B) AND IS SUING TO COLLECT ON A JUDGMENT, THE SUIT IS A CONTRACT ACTION AND THE TRIAL COURT COMMITS REVERSIBLE ERROR BY FAILING TO GRANT DEFENDANTS' MOTION TO DISMISS.
The Solomon parties do not deny that any one or all of them can be held liable for the underlying judgment under R.C. 2333.01. They apparently concede that their assets are properly subject to Frate's judgment if that judgment is valid. This assignment of error again raises the argument addressed and resolved, albeit under different circumstances, in Frate II. While in the prior appeal it was argued that R.C. 1329.10
barred Frate from obtaining judgment, the Solomon parties in this appeal claim that R.C. 1329.10 bars Frate from enforcing that judgment, on the grounds that the enforcement action is itself a contract action and cannot be maintained by an entity operating under an unregistered trade name. Frate counters that the Solomon parties are collaterally estopped from raising this argument, or that in any event, he is not barred from enforcing his tort judgment for conversion in his own name, for the same reasons he was not barred from obtaining it.
The Solomon parties rely on Gutta Percha and Rubber Mfg. Co. v. City of Houston (1888), 108 N.Y. 276, 15 N.E.2d 402, to support their argument that Frate's current creditor's bill complaint states a contract action, on the theory that the existence of a valid judgment implies a promise to pay on the part of the judgment debtor. On this theory, the Solomon parties point to Frate II as holding that Frate can recover only on a tort action, and then argue that because the enforcement of Frate's tort judgment became a contract action, he is barred from maintaining that action on behalf of Empirical Sound, his unregistered business name.
In Frate II this court refused to allow Frate to recover on a lease that named only Empirical Sound as lessor. R.C. 1329.10 barred Empirical Sound from recovering, and Frate was not a named party to the lease and thus had no standing to enforce it. Therefore, Frate could recover only on his tort theory of conversion, and could not recover the $4,000 award of attorney's fees based on the lease. Our decision in Frate II does not prohibit Frate from recovering on contracts to which he is party and entitled to enforce individually; he is barred only from recovering on contracts made in Empirical Sound's name alone.
Frate himself obtained the judgment against Al-Sol, Inc., AE Investment Co., and Alex Solomon, based on the tortious conversion of his property. Therefore, even if his enforcement action is one in contract, Frate is a proper party to that contract because the judgment is his individually, and not that of Empirical Sound. Whether Empirical Sound has been registered as a trade name is of no consequence because the judgment is Frate's and any action to enforce that judgment should be made in his name. Frate II, supra. It would make no sense to allow Frate to take judgment individually if he were not also empowered to enforce that judgment individually. This assignment of error is without merit.
Frate states the following assignment of error on cross-appeal:
 THE TRIAL COURT ERRED IN DENYING MR. FRATE'S MOTION FOR PARTIAL SUMMARY JUDGMENT.
Frate contends that because Solomon had not filed a motion to stay execution of the judgment under appeal in Frate v. Al-Sol and it was undisputed that he was both settlor and trustee of his revocable asset bearing trust, as a matter of law, the corpus of the trust could be utilized to satisfy his judgment on behalf of both Empirical Sound and himself. In Pang v. Minch (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313, paragraph eight of the syllabus states:
 Where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App.R. 12(B) requires the appellate court to refrain from consideration of errors assigned and argued in the brief of appellee on cross-appeal which, given the disposition of the case by the appellate court, are not prejudicial to the appellee. The judgment or final order of the trial court should, under such circumstances, be affirmed as a matter of law by the court of appeals.
Any error by the court in denying Frate's motion for summary judgment is harmless error in light of the ultimate judgment rendered in his favor.
Judgment affirmed.
It is ordered that the appellee recover from appellant his costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ ANNE L. KILBANE, J.
DIANE KARPINSKI, P.J., J. CONCUR; MICHAEL J. CORRIGAN, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.