## First Nat. Bank of Nashua v. Van Vooris.

An action on a money judgment, whether recovered for a tort or on a contract, is an "action arising on contract," within the meaning of section 4993, Comp. Laws, specifying the kinds of action in which attachments may be issued.

(Syllabus by the Court. Opinion filed Feb. 23, 1895.)

Appeal from circuit court, Brookings county. Hon. J. O. Andrews, Judge.

Attachment by the First National Bank of Nashua, Iowa, against William F. Van Vooris. From an order dissolving the attachment, plaintiff appeals. Reversed.

*Mathews & Murphy (Harrison & Noyes, of counsel), for appellant.*

A judgment is a contract, and an action upon a foreign judgment being a suit upon a contract for the recovery of money only will support an attachment. 1 Freeman on Judg. Sec. 4; 3 Bl. Comm. 160; Bishop on Cont. 551-6; Taylor v. Root, 4 Keyes 335; Morse v. Toppan, 3 Gray 411; Manfg. Co. v. Houston, 15 N. E. 402; Childs v. Harris, 32 N. W. 43; 1 Black Judg. Sec. 11; Coats v. Arthur. 58 N. W. 675.

*Cheever & Hall, for respondent.*

A judgment is not a contract, and a suit upon a foreign judgment recovered for a tort will not support an attachment. 1 Black on Judg. Sections 10, 8; Garrison v. New York, 21 Wall 196; O'Brien v. Young, 95 N. Y. 431; Freeland v. Williams, 131

U. S. 405; Spott v. Ried, 3 Ia. 489; Larrabee v. Baldwin, 35 Col. 156; Freeman on Judg. Sec. 4; Nyman v. Mitchell, 1 Cow. 316; Jordan v. Robinson, 15 Me. 168; McDonald v. Dickson, 87 N. C. 404; Smith v. Harrison, 33 Ala. 706; Lavin v. Humphries, 67, Ala. 437; Wolffe v. Eberlein, 74 Ala. 99; Wadsworth v. Henderson, 16 Fed. 447; McConn v. Railroad, 50 N. Y. 176; State v. New Orleans, 109 U. S. 285.

KELLAM, J. This is an appeal from an order of the circuit court of Brookings county discharging an attachment. The leading question in the case is whether, within the meaning of our attachment law, a judgment of a sister state is a contract, without regard to the character of the original cause of action which entered into it. The difficulty is not to find direct adjudications upon the general question of whether a judgment is or ought to be classed as a contract, for they are almost numberless on both sides of the question. The embarrassment is to determine which line of these cases, so squarely opposed to each other, is most securely grounded upon good reason, and most likely to result in its practical application in the most good and the least harm. Although some elementary law writers, and some courts whose learning is so great and whose judgment is so nearly infallible as to almost foreclose further inquiry, have declared judgments to be contracts, and have so classed them, it is very obvious that ordinarily they lack the element of consent, which is generally named as the very life and spirit of a contract. It would look pedantic, and probably serve no useful purpose, to undertake in this opinion to rewrite the learning found in the opinions of other courts, and in the books of the text writers, upon this question of the contract character of a judgment. A very brief examination of the subject demonstrates the fact that the most learned, careful and thoughtful judges and lawyers have reached directly opposite conclusions. In Black on Judgments (volume 1 sec. 7 *et seq.*) are marshaled a large number of these conflicting decisions. In

Louisiana v. Mayor, etc., of New Orleans, 109 U. S. 285, 3 Sup.
Ct. 211, the judges of the federal supreme court could not agree
that a judgment was or was not a contract.   It seems to me,
however, that, even if a judgment is not a contract in a broad
and unqualified sense, it does not necessarily follow that a for-
eign judgment cannot be the basis of an attachment.   This
must depend upon the interpretation to be given to the expres-
sion, "action arising on contract," as used in the attachment
law.   The original office of the attachment was to secure the
collection of debts.   The relation of debtor and creditor must
exist.   It could not be used in actions for wrongs or torts.   In
some of the states this scope of the proceeding has been en-
larged so as to include in some states specified, and in others
all, actions in tort.   Actions at law are fundamentally and logi-
cally divided into two classes,—"actions *ex contractu*" and
"actions *ex-delicto*,"—though these express terms are not em-
ployed in the statute.   Everybody knows what these terms
mean, and, while the legislature seemed to prefer English
words, we are inclined to think that they used this expression,
"actions arising on contract," as the equivalent of "actions *ex-
contractu*," just as they substituted "claim and delivery" for
"replevin."   Now, while it may seem essentially contradictory
to say that an action brought on something which is not a con-
tract is an action *ex contractu*, or an "action arising on con-
tract," still what we seek is to know what kind of an ac-
tion the legislature meant when they referred in their
attachment law to an "action arising on contract."
It seems to us that the thought and purpose of this
first paragraph of the attachment law was to declare in what
general class of actions an attachment would lie.   It was a dec-
laration of the purpose and policy of the attachment law of this
state as to what general class or kind of actions might be aided
by attachment.   By the statutes of some of the states, attach-
ments were allowed in any action for the recovery of money.
Sometimes both classes were expressly named, as in Georgia,

where it was available "in all cases of money demands, whether arising *ex contractu* or *ex delicto.*" In others the remedy was confined to actions "on contract, express or implied"; "actions on contract"; "actions arising on contracts," etc.,—all meaning, as we think, that general class of actions known in legal nonenclature as "actions *ex contractu.*" Subsequent provisions are supplementary, and define particularly the further conditions that must exist to justify the issue of the attachment. The general condition announced in the beginning is that the action must be of that class known as "actions on contracts" as distinguished from "actions for torts." Actions on judgments form a very common class of actions, and have always been brought as *ex contractu* actions, and not as tort or *ex delicto* actions. O'Brien v. Young, 95 N. Y. 431; Louisiana v. Mayor, etc., of New Orleans, *supra*; Johnson v. Butler, 2 Iowa, 535. This is not because judgments are essentially and absolutely contracts, but because the obligation imposed by them is more in the nature of a contract liability than a tort liability. It seems much the same in character as the liability of an infant to pay for necessaries. The judgment against him does not rest upon his contract liability, for he is not required to pay what he promised or agreed to pay, but simply what it is right for him to pay, and yet his liability is regarded and classed as contractual.

We are inclined to regard a judgment, not as a contract, but as a quasi contract, which the legislature and the courts have treated as a contract in respect to the remedy by subsequent action upon it; and so, as before suggested, the question whether, under our statute, an attachment may issue in an action on a judgment depends upon the sense in which the legislature used the expression, "action arising on contract." If used in an exact and literal sense, an action on a judgment would not in, our opinion, be included; but if used in a general and leading sense, to distinguish actions of one class from those of the other, then the expression must be presumed to have

been used in view of the common understanding and practice that actions on judgments were actions on contract. I think the same meaning was intended here, as by the same words in section 4915, providing that a cause of action "arising on contract" may be pleaded as a counterclaim. I think there could be little doubt that an existing judgment might under this provision be pleaded as a counterclaim. This point was directly ruled in Taylor v. Root, 43 N. Y. 335, where it was held that in an action on contract, a judgment in an action of slander could be set up as a counterclaim for the reason that, within the meaning of that provision, it was a cause of action arising on contract. In Wyman v. Mitchell, 1 Cow. 316, and McCoun v. Railroad Co., 50 N. Y. 176, and O'Brian v. Young, 95 N. Y. 428, all New York cases, it was distinctly said that a judgment was not a contract; and yet in Nazro v. Oil Co., 36 Hun. 296, and again in Gutta-Percha & Rubber Manuf'g Co. v. Mayor, etc., 108 N. Y. 276, 15 N. E. 402, reversing 46 Hun. 237, it was held that an action on a judgment was one on ''a contract express or implied," within the meaning of the attachment law, and the right to attachment was in each case sustained. In the latter case the court said: "In a suit upon a binding judgment, whether foreign or domestic, the plaintiff must therefore be entitled to the same provisional remedies to which he would be entitled in an action upon a contract express or implied." Upon the same line the supreme court of North Carolina said that, while judgments were not treated as contracts for all purposes, they were so treated for the purpose of distinguishing them from causes of action *ex delicto*, and that they were not included in a statute covering causes of action "not arising out of contract." See Moore v. Nowell, 94 N. C. 265. In Johnson v. Butler, 2 Iowa 353, an attachment was issued on an action on a judgment. Their attachment law prescribes a different procedure in an action "founded on contract" from that in an action "not founded on contract." The question was as to which class the action

belonged.   The court said:   "The distinction is manifestly be-
tween actions *ex contractu* and *ex delicto,* and it was always so
understood and so acted upon.      *     *     *     The Code does not
recognize the common-law technical names of action, nor, in
this case, even the general classification of those upon contract
and those of tort, in express and technical terms; still the
sense cannot be mistaken."   The Wisconsin supreme court in
Childs v. Manufacturing Co. (Wis.) 32 N. W. 43, discussed the
question whether an action on a judgment, as one arising on
"contract expressed or implied," could be joined with an action
for the breach of an express contract, and said:   "When we
consider the object of section 2647, we think it very clear that
the legislature intended to use the word 'contract' in said sub-
division in its largest sense, and not in a restricted sense.   The
object of the section, as a whole, is to classify causes of action
with reference to their joinder in one and the same action.   *   *
In this view of the subject, notwithstanding the fact that in other
parts of the statute, and for other purposes, the legislature
seems to have made a distinction between 'contracts' and
'judgments,' that fact furnishes no good reason for holding that
in said section 2647 the word contract was not intended to be
used in its larger meaning, so as to cover a case of a judgment
for the payment of money.'   Against this enlarged interpreta-
tion of the expression "actions arising on contract," so as to
include an action on a judgment, it is urged that the legislature
of at least one of the states, Nebraska, did not so use or under-
stand it, for they thought it necessary to expressly add "judg-
ment or decree" to "debt or demand arising upon contract."
There is certainly some force in this, but the argument is of
the same character as it would be to urge that under our law
an attachment would lie in an action for a breach of promise to
marry, because in New York it was thought necessary to except
such actions from those on "contract, expressed or implied";
and our legislature has not made such exception, thus indicat-
ing, as the argument would be, that they intended to allow at-

tachments in such cases. We do not think the fact in either case or the inference therefrom, is potent enough to control our conclusion as to the proper interpretation of our law. While the question is not entirely free from embarrassment, we conclude that an action on a judgment is an "action arising on contract," within the meaning of that expression as used in our attachment law, and that this is so whether the original cause of action which entered into the judgment was one on contract or tort. This view necessitates the conclusion that the court erred in discharging the attachment on the ground that the action was not one arising on contract, and the order appealed from is reversed. All the judges concur.