Argued February 3; decided March 16, 1896.

## MEYER v. BROOKS.
[44 Pac. 281.]

29   203
35   482
29   203
p48   352

1. ATTACHMENT AS AFFECTED BY AMENDED COMPLAINT.—The validity of an attachment is not affected by the filing of an amended complaint, which does not change the cause of action: *Suksdorff* v. *Bigham*, 13 Or. 369, approved and followed.

2. PRESUMPTION—DISCHARGE OF ATTACHMENT.—Upon a motion to set aside an attachment upon the ground that the action in which the judgment forming the basis of the action was rendered was for the foreclosure of a mortgage upon real property, and because it does not appear that the mortgage security has been exhausted, it will be presumed that a payment alleged in the complaint to have been made on the judgment was from the proceeds of the mortgaged premises, where the affidavit for the writ states that the judgment sued on is not secured by any mortgage, lien, or pledge, and the complaint, while not averring that the mortgage security has been exhausted, does not deny it.

3. FOREIGN JUDGMENT AS A CAUSE OF ACTION—ATTACHMENT.—A provision in a foreign decree of foreclosure, that the plaintiff may have execution for the deficiency arising from the sale of the mortgaged property, if such proceeds are insufficient to pay the amount of the judgment, does not affect it as a money judgment which will support an attachment action in another state for the amount of the deficiency.

4. FOREIGN JUDGMENT—CONTRACT—ATTACHMENT.—An action on a foreign judgment is an action on "contract, express or implied, for the direct payment of money," within the meaning of section 144 of Hill's Code, authorizing attachments in such cases.

5. Special Appearance—Personal Judgment.—A special appearance
   for the purpose of objecting to the jurisdiction of the court, and of
   moving to quash an attachment, does not constitute a general ap-
   pearance authorizing a personal judgment against a defendant: *Bel-
   knap* v. *Charlton*, 25 Or. 41, approved and followed.

Appeal from Klamath: W. C. Hale, Judge.

This is an action by George Von L. Meyer against
Quincy A. Brooks and others on a judgment re-
covered by the plaintiff against the defendants in
the State of Washington. The original complaint
was filed on the twenty-first day of July, eighteen
hundred and ninety-four, and alleged, in substance,
that on the twenty-ninth of the previous April the
plaintiff commenced an action in the Superior Court
of the State of Washington against the defendants
to recover a certain sum of money, by filing a com-
plaint and issuing a summons thereon; that such
proceedings were thereafter had in the action that
on May twenty-ninth a judgment for the sum of
eleven thousand and eighty-six dollars was duly ren-
dered in favor of the plaintiff and against the de-
fendants, and that no part thereof has been paid,
except the sum of five thousand five hundred and
forty-three dollars. Upon the filing of the complaint
an affidavit and undertaking for attachment in due
form were filed, and a writ duly and regularly is-
sued, upon which certain real property of defendant
in this state was attached. Subsequently, on the
twenty-seventh of the same month, the plaintiff filed
an amended complaint, which set out more in detail
the nature and character of the action in which the
judgment was rendered, and a copy of the judg-

ment, but introduced no new cause of action, or embraced any other claim than that contained in the original complaint. Thereafter, in pursuance of an order to that effect, service of summons was made by publication upon the defendants, who are nonresidents of this state, and a copy of the amended complaint and summons forwarded to them as required by the order. Within the time required to answer the defendants appeared specially for the purpose of objecting to the jurisdiction of the court, and moved to quash and set aside the attachment on the ground — *first*, that the complaint upon which it is based was superseded and set aside by the amended complaint; *second*, that the action is not upon "a contract, express or implied, for the direct payment of money" within the meaning of the attachment laws of this state; *third*, that it appears from the complaint the action in the State of Washington in which the judgment forming the basis of this action was rendered was for the foreclosure of a mortgage upon real property, and it does not appear that the mortgage security has been exhausted; and, *fourth*, that no judgment was ever rendered by the Superior Court of the State of Washington in favor of plaintiff and against the defendants. This motion was overruled, and the court, deeming the appearance of the defendants to be in effect a general appearance, rendered a personal judgment against them for the amount demanded in the complaint, and ordered the attached property sold to satisfy the same, and from said judgment this appeal is taken.

MODIFIED.

For appellants there was a brief signed by *Messrs. Carey, Idleman, Mays and Webster*, and *Hammond and Vawter*, with oral arguments by *Messrs. Lionel R. Webster* and *A. S. Hammond.*

For respondent there was a brief signed by *Messrs. Charles A. Cogswell* and *Carroll and Rhode*, with an oral argument by *Mr. Cogswell.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. The first, third and fourth grounds of the motion require but little notice. The amended complaint does not change the cause of action stated in the original, and therefore does not operate to discharge or affect the attachment: *Suksdorff* v. *Bigham*, 13 Or. 369 (12 Pac. 818).

2. And, while the amended complaint does not aver that the mortgage security has been exhausted, it does not negative that fact. Besides, the affidavit for the writ of attachment states that the judgment sued on was not secured by any mortgage, lien, or pledge upon real or personal property. For the purpose of the question here presented it must be assumed, therefore, that the payment alleged to have been made upon the judgment was from the proceeds of the mortgaged premises.

3. The contention that no money judgment was ever rendered against the defendants by the Superior Court of the State of Washington is contradicted by the terms of the judgment set out in the complaint, in which it was ordered and adjudged that the

plaintiff "do have and recover of and from the defendants Quincy A. Brooks and Lizzie Brooks, and each of them, the sum of eleven thousand and eighty-six dollars, with interest from date, together with his costs and disbursements in this action incurred." The provision that if the money arising from the sale of the mortgaged premises should be insufficient to pay the amount of the judgment, the sheriff should specify the amount of such deficiency and balance due plaintiff in his return of sale, and that "on the coming in and filing of said return the plaintiff may have execution therefor," at most only postponed plaintiff's right to a general execution on his judgment until after the proceeds of the mortgaged property have been exhausted.

4. This brings us to the important question in this case, and that is whether an action on a foreign judgment is an action on "a contract, express or implied, for the direct payment of money," within the meaning of the attachment laws of this state. That a judgment is a contract has been affirmed and denied with equal confidence. See 1 Freeman on Judgments, § 4; Black on Judgments, § 7, *et seq.* But whether, strictly speaking, it is to be regarded as a contract or not, is immaterial to this inquiry, because judgments are properly classified as contracts with reference to actions and remedies upon them: *Childs* v. *Harris Manufacturing Company*, 68 Wis. 233 (32 N. W. 43); *Taylor* v. *Root*, 4 Keyes, 335; *Stuart* v. *Lander*, 16 Cal. 372 (76 Am. Dec. 538). And under statutes like the attachment law of this

state, which is evidently designed to distinguish between actions *ex contractu* and actions *ex delicto*, a plaintiff in an action on a judgment is entitled to such remedies as are authorized in actions on contracts. Thus, in *Gutta-Percha Manufacturing Company* v. *Mayor*, 108 N. Y. 276, (2 Am. St. Rep. 412, 15 N. E. 402,) it was held that an action upon a money judgment, whether rendered for a tort or upon a contract, is an action to recover money as damages for breach of "a contract, express or implied," within the meaning of the attachment laws of that state. In that case, EARL, J., speaking for the court, says: "Two kinds of contracts are contemplated by section 635; express contracts, which are such as are voluntarily made by the parties thereto, and implied contracts, which, though not expressly made by the parties, are made by the law when it, enforcing a sound morality and a wise public policy, acting upon principles of equity and justice, imposes upon a party an obligation to pay a debt or discharge a duty. After the recovery of this judgment, whether it was recovered for a tort or upon contract, the recovery became a debt which the defendant was under obligation to pay, and the law implied a promise or contract on his part to pay it. The previous cause of action, whatever it was, became merged in the judgment. This is not, therefore, an action *ex delicto*, but *ex contractu;* and the plaintiff was entitled to such remedies only as are authorized in actions upon contracts." The same ruling was had in *First National Bank* v. *Van Vooris*, 62 N. W. 378, by the supreme court of

South Dakota, under a similar statute. The manifest design and purpose of the attachment law was to confine the remedy by attachment to actions arising on contract, as distinguished from actions in tort; and, while judgments are not for all purposes to be treated as contracts, there is no authority to the effect that they are never to be so treated. All the authorities recognize the implied legal obligation of every judgment debtor to pay the judgment, and, as to remedies for their enforcement, judgments may be deemed and are regarded as contracts, and within the terms of the statute giving the remedy by attachment "in an action upon a contract, express or implied." We find nothing in the letter or policy of the statute which requires us to hold that an attachment may not issue in an action on a judgment under our statute, and no authority sustaining defendants' contention. We think, therefore, the motion was properly overruled.

5. But the court was in error in rendering a personal judgment against the defendants. Their appearance was for a special purpose, and did not confer jurisdiction of the person so as to authorize the court to proceed to judgment against them: *Belknap* v. *Charlton*, 25 Or. 41 (34 Pac. 758). The judgment of the court below, so far as it rendered a personal judgment against the defendants, is therefore reversed, and in all other respects is affirmed, neither party to recover costs on this appeal.

MODIFIED.