## HUTCHCROFT *v.* HERREN.

[52 Pac. 692]

1. PLEADING — CONTRACT OR TORT.—A complaint averring the delivery of merchandise by plaintiff to defendant, under an agreement that defendant should sell the same, and account for the proceeds, less expenses and a certain commission, but that defendant "wrongfully and unlawfully retained and converted to their own use" an excess over the agreed commission, declares upon a contract rather than a tort: *Suksdorf* v. *Bigham*, 13 Or. 369, cited.

2. APPEAL.— Questions of fact decided in the trial court cannot be reviewed in the supreme court.

From Marion : GEO. H. BURNETT, Judge.

Action by Jos. W. Hutchcroft against Ed. C. Herren and F. Levy, partners. Judgment for plaintiff, from which defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Wm. H. Holmes.*

For respondent there was a brief and an oral argument by *Messrs. O. H. Irvine* and *O. P. Coshow.*

MR. JUSTICE WOLVERTON delivered the opinion.

Nine causes of action are stated in the complaint, all of which are upon assigned demands, except the first. The averments of the second,— which is illustrative of each,— omitting such as are formal merely, are in purport : That about September 18, 1894, defendants and one Arthur Crane entered into a contract in writing, which, after setting forth a promissory note given by Crane to Herren & Levy, is substantially as follows : "I hereby acknowledge that the above sum of money ($367.16) is advanced to me by Herren & Levy solely upon my representations, agreement and promise to consign to them my crop of hops, growth of 1894, about 9,200 pounds, all growing or grown on farm situate about —— miles from North Yamhill, in Yamhill County, Oregon ; said hops to be sold for my account ; net proceeds, or so much thereof as is necessary, to be applied to the payment of the above note with accrued interest, and three-fourths ($\frac{3}{4}$) cents per pound commission ; the remainder, if any, to be refunded to me. It is further agreed and stipulated that I am to cure, bale, insure hops for amount of above note, at least, in name of Herren & Levy, and to deliver said hops to the said Herren & Levy in good merchantable order. Said hops to be delivered at North Yamhill on or before the twenty-fifth day of September, 1894, f. o. b. cars. Dated at Salem, Oregon, this eighteenth day of September, 1894. [Signed] Arthur Crane." On or about September 25, 1894, in pursuance of said agreement, Crane delivered to defendants 9,152 pounds of hops, which they received and sold in accordance with the terms of said contract and fully accounted for the proceeds thereof, except that they "wrongfully and unlawfully retained, held and converted to their own use as compensation for selling and handling said hops a com-

mission of one and three-fourths cents per pound, amounting to $160, in place of three-fourths of a cent. per pound, as provided therein; that the excess of commission so retained more than three-fourths cent provided by said contract amounted to $91.52, which said sum was heretofore duly demanded of defendants, and defendants refused to pay the same, or any part thereof." Then follows an allegation of the assignment of the demand to plaintiff and a prayer for an ordinary money judgment.

1. It is claimed that the complaint states a cause of action arising *ex delicto* for conversion, but that the sole tendency of the evidence adduced, if effective for any purpose, was to establish a cause arising out of contract, and for breach thereof; and hence that there was a complete failure of proof to sustain the action. It is argued that the use of the phrase, "retained, held, and converted to their own use," in the complaint, distinguishes the action as one for conversion; but in this we cannot concur. It is true that the word "converted" has acquired a technical meaning, but it does not seem to us that it was here used in that sense when read in connection with the other allegations of the complaint. The parties were particularly concerned about the commission to which the defendants were entitled under the contract for effecting a sale of the hops, the defendants claiming one and three-fourths cents per pound, while the plaintiff denied that they were entitled to more than three-fourths of a cent per pound for their services. It was solely with reference to this dispute that the specific allegation alluded to was inserted in the complaint, and it was evidently framed with a view of confining the controversy directly to the one matter. So it was averred — inartistically, it may be — that the defendants retained, held, and converted to their own use one and three-fourths of a cent

per pound on the hops sold as their compensation, instead of three-fourths of one cent per pound, as provided by the terms of the contract. The defendants were admittedly entitled to three-fourths of one cent per pound ; so it is evident that there could have been no intention of charging them with a technical conversion of that proportion of the amount retained in the accounting ; neither did the pleader intend to charge the defendants in a technical sense with a conversion of the additional cent per pound. There are no other averments which tend to characterize the action as one sounding in tort, and the gist of the complaint is to fix the contractual relations of the parties, and to establish a breach, and a recovery is sought by reason thereof. See *Suksdorff* v. *Bigham*, 13 Or. 369, (12 Pac. 818). The action was properly construed as one upon contract, and in this view the proof was admittedly in its support.

2. A question was presented in the court below whether the contract was made with reference to a certain custom alleged to have obtained in the market touching the sale of hops as a commodity upon commission, and it was contended that the contract should have been construed with reference to such alleged custom. The same question was argued here, but whether or not such a custom existed was considered upon the proofs offered concerning it, and decided against the appellants, which determined the construction of the contract. We are precluded, therefore, by reason of the matters of fact involved, from entertaining the question here. Another contention was that Miller Bros. were not the agents of defendants, or that their authority was so limited as not to empower them to enter into a certain stipulation pertinent to the issues in the name of the defendants ; but this was also a question of fact submitted to the trial court,

and precludes further inquiry here.    These considerations affirm the judgment of the court below, and it is so ordered.

AFFIRMED.