BEARTOOTH STOCK CO., APPELLANT, *v.* GROSSCUP, RESPONDENT.

(No. 4,563.)

(Submitted April 9, 1920.    Decided May 3, 1920.)

[189 Pac. 773.]

*Attachment—When Writ Does not Lie.*

1. Attachment does not lie in an action by the buyer of hay at an agreed price per ton, to recover damages from the seller because of the inferior quality of the hay delivered, the action not being one upon a contract for the direct payment of money and hence not falling within the class of cases in which, under section 6656, Revised Codes, attachment may issue.

*Appeal from District Court, Lewis and Clark County; R. Lee Word, Judge.*

'Action by the Beartooth Stock Company against Thad. G. Grosscup. From an order dissolving an attachment, plaintiff appeals. Affirmed.

*Messrs. Day & Mapes,* for Appellant, submitted a brief; *Mr. E. C. Day* argued the cause orally.

The sole question in the case is whether or not an action by the buyer of hay at a specified price per ton, who has paid the purchase price, to recover from the seller damages by reason of the fact that the hay was not of the grade specified and was unfit for use is such an action as comes within the meaning of the statute authorizing a writ of attachment in an action upon a contract, express or implied, for the direct payment of money. The district judge based his ruling upon the opinion of this court in the case of the *Ancient Order of Hibernians, etc.,* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197. The expression in that opinion that the contract must be not only unconditional and absolute but for the payment of a definite sum, was outside of the issues involved in the case, and to that extent the opinion was but the expression of a *dictum.* That this is the correct interpretation of that decision is apparent from a reading of the opinion in the case of *American Surety Co.* v. *Kartowitz,* 54 Mont. 92, 166 Pac. 685, in which the court holds that an action by a surety on a guardian's bond against a principal to recover the amount of a judgment which the surety had paid was an action on a contract in which a writ of attachment should issue. The difference between that case and the one at bar is not discernible.

That an action upon a contract for damages for a breach of the contract is an action for the direct payment of money has been decided by the supreme court of California. (*Donnelly* v. *Strueven,* 63 Cal. 182.) It is not necessary that the definite amount of the defendant's liability should appear upon the face of the contract. It is sufficient that the contract furnish the measure of damages, and even this can be aided by the allega-

tions of the complaint. (*De Leonis* v. *Etchepare,* 120 Cal. 407, 52 Pac. 718.) In Colorado, also, it has been held that where the liability is imposed by statute, the action to enforce the liability is upon a contract for the direct payment of money, and is such an action as entitles the plaintiff to a writ of attachment. (*Adams* v. *Clark,* 36 Colo. 65, 10 Ann. Cas. 774, 85 Pac. 642; see, also, 2 R. C. L., p. 814, sec. 17; *Gutta-Percha Rubber Co.* v. *Mayor,* 108 N. Y. 276, 2 Am. St. Rep. 412, 15 N. E. 402; *Meyer* v. *Brooks,* 29 Or. 203, 54 Am. St. Rep. 790, 44 Pac. 281.)

To construe the statute in such a way as to limit the cases in which writs of attachment can be issued to those only in which the contract itself furnishes a definite sum to be recovered would be to defeat the right to the writ in the greater number of cases in which it is now issued. For example, a writ of attachment could not be issued in an action upon a promissory note where the suit was brought for less than the amount named in the note, because the amount could not be ascertained until after proof had been made of the payments credited upon the note. Numerous other instances may be cited.

*Mr. Henry C. Smith,* for Respondent, submitted a brief and argued the cause orally.

Citing: *Ancient Order of Hibernians, etc.,* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197; *Hochstadler* v. *Sam,* 73 Tex. 315, 11 S. W. 408; *Elliott* v. *Jackson,* 3 Wis. 649; *Schenck* v. *Griffin,* 38 N. J. L. 462; *Heckscher* v. *Trotter,* 48 N. J. L. 419, 5 Atl. 581; *Hough* v. *Kugler,* 36 Md. 186; *Warwick* v. *Chase,* 23 Md. 154, 161; Drake on Attachments, sec. 10; Wade on Attachments, sec. 23.

MR. JUSTICE HURLY delivered the opinion of the court.

The complaint in this action alleges that the plaintiff and [1] defendant entered into a contract in writing for the sale

by defendant to plaintiff of certain alfalfa hay of a certain specified quality to be delivered on board cars in the state of Washington, to be shipped to plaintiff in Montana at an agreed price, payable as deliveries were made, by drafts drawn by the defendant upon the plaintiff; that the hay was not of the quality specified in the contract, was of an inferior grade and unfit for the purposes for which the same was purchased by the plaintiff and for damages sustained by reason thereof. A writ of attachment was issued and served, whereupon a motion to dissolve the attachment was made, which motion was sustained by the trial court. From the order dissolving the attachment, this appeal was taken.

Appellant cites as authorities *Donnelly* v. *Strueven*, 63 Cal. 182; *De Leonis* v. *Etchepare*, 120 Cal. 407, 52 Pac. 718; *Adams* v. *Clark*, 36 Colo. 65, 10 Ann. Cas. 774, 85 Pac. 642; *Gutta-Percha Rubber Co.* v. *Mayor*, 108 N. Y. 276, 2 Am. St. Rep. 412, 15 N. E. 402; *Meyer* v. *Brooks*, 29 Or. 203, 54 Am. St. Rep. 790, 44 Pac. 281.

*De Leonis* v. *Etchepare, supra,* was an action against an agent to recover certain moneys alleged to have been wrongfully retained by the agent, and for an accounting by him. The court disposes of the question by holding that the moneys received by the agent were not his; that the agency constituted a contractual relation, from which the law implies a contract for the return to the principal of the money retained unlawfully by the agent; and reaffirms the rule adopted by that court in the earlier case of *Hathaway* v. *Davis*, 33 Cal. 161, that where the contract does not furnish the measure of liability, and the damages are unliquidated, an attachment cannot be had; also that it is not necessary, in order to sustain an attachment, that the amount due should specifically appear upon the face of the contract or liability.

Under statutes somewhat similar to ours, other cases may be found wherein attachments were permitted in actions to recover the purchase price paid, where the consideration failed,

or for the recovery of moneys unlawfully converted, *etc.* (See *Suksdorff* v. *Bigham,* 13 Or. 374, 12 Pac. 818; *Hanley* v. *Combs,* 48 Or. 409, 87 Pac. 143; *Reyer* v. *Blaisdell,* 26 Colo. App. 387, 143 Pac. 385; *Peat Fuel Co.* v. *Tuck,* 53 Cal. 304.) *Adams* v. *Clark, supra,* did not involve construction of a statute similar to ours.

*Donnelly* v. *Strueven, supra,* was an action upon a contract for the sale of certain hides, which hides the defendant refused to receive, or to pay for the same, and for plaintiff's damages. The objection made was that plaintiff's action was in tort, and not in contract, but the court in a brief opinion merely holds that the action was one in contract. The question involved in this case is not in any way discussed.

*Meyer* v. *Brooks* and *Gutta-Percha Rubber Co.* v. *Mayor, supra,* were actions based upon judgments of foreign states, and in each an attachment was issued. In each case the court holds that an action upon a judgment will support an attachment, whether the original cause of action was upon contract or tort. The provisions of the Oregon statute, similar to our own above referred to, are mentioned in the decision of that court, but not discussed.

In *Walker* v. *McCusker,* 65 Cal. 360, 4 Pac. 206, the cause of action was for the recovery from defendant as tenant in possession of real estate, purchased by plaintiff on decree of foreclosure and sale, of the value of the use and occupation from the day of sale to the date of sheriff's deed. An attachment was issued, which the trial court refused to dissolve. The statutes of California contain a provision that the purchaser, from the time of sale, is entitled to receive from the tenant in possession the rent of the property sold, or the value of the use and occupation. The court said: "The liability of the tenant in possession to the purchaser for rents or use and occupation from the day of sale to the expiration of the time for redemption is a statutory liability merely, and exists without the assent of the person in possession. It is not a liability founded on a

contract express or implied, within the meaning of section 537 of the Code of Civil Procedure, authorizing the issuance of an attachment.''

In *Baldwin* v. *Napa Wine Co.*, 137 Cal. 646, 70 Pac. 732, plaintiff sued upon two causes of action, in the first of which he alleged that defendant failed and refused to take or pay for certain wines, as agreed upon in a certain contract between the parties. The second cause of action is for damages alleged to have been sustained by reason of defendant's failure to ''push'' the sales of wines, as provided in the contract, or to sell the number provided for therein. The court reaffirmed the holding in *Hathaway* v. *Davis, supra,* as to attachment for unliquidated damages.

In *Ancient Order of Hibernians, etc.,* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197, this court, speaking through Mr. Justice Holloway, held that an action against sureties on a bond conditioned to be void if the principal performed his contract is not an action on a contract for the direct payment of money, authorizing an attachment, and refused to follow the holding in *Hathaway* v. *Davis, supra,* upon that subject, though in the later case of *American Surety Co.* v. *Kartowitz,* 54 Mont. 92, 166 Pac. 685, the court approved a portion of the holding in the *Hathaway Case.*

The term ''direct payment of money'' is a term found in the statutes of but few states, and those, apparently, only Montana, Oregon, Idaho and California, and at one time Colorado, and even in those states there are provisions in their attachment laws not found in ours, under which provisions many of the decisions in those states are founded. As said in the *Hathaway Case,* whoever attempts to define the term ''will first come to the conclusion that the legislature has expressed its will in language not a little obscure.''

In the *Sparrow Case,* Mr. Justice Holloway, after discussing the decisions of other courts, said: ''One of the definitions

given in Webster's Dictionary for the word 'direct' is, 'immediate; express; unambiguous; confessed; absolute'; and it does seem that, if the term is to be given any meaning, as used in our attachment statute, it must distinguish a particular class of contracts for the payment of money from all other contracts for the payment of money. In other words, that class of contracts which provide for the direct payment of money must differ somewhat from all other contracts for the payment of money, or the term 'direct' has no meaning whatever.

"The term first appeared in our attachment statute in 1866. (Act Third Leg. Assem., approved Dec. 3, 1866, p. 62, Chap. 12, sec. 1.) These legislative enactments were annulled by act of Congress. (14 Stats. at Large, 427.) Practically the same provision was re-enacted by the fourth legislative assembly (Laws of 1867, p. 156). This Act was amended by Act of fifth legislative session, approved January 15, 1869 (Laws 1869, p. 64), and the word 'direct' omitted, and it does not reappear until 1895, when its re-enactment into our laws must be presumed to have been done for a purpose, *viz.*, to limit the operation of the writ of attachment. Before 1895 an attachment could be had in every action upon a contract, express or implied, for the payment of money, where the debt was not secured. Since then the writ can only issue in those cases arising on contracts, express or implied, for the direct payment of money, and, applying the definitions of the term 'direct' as given above, the obvious intention of the legislature can be made plain. The contracts now contemplated by section 890, above, are such only as require the payment unconditionally and absolutely of a definite sum." (See, also, *Kyle* v. *Chester,* 42 Mont. 522, 37 L. R. A. (n. s.) 230, 113 Pac. 749.)

The cause of action alleged in the complaint is not one in *assumpsit*, of the nature of those contained in the foregoing citations, but is one based upon a breach of contract, for resultant damages, unliquidated, uncertain in amount, conditional, not assented to by defendant, founded upon conditions which may not have been in the minds of the parties, and which

are not of the kind included within the term "for the direct payment of money."

The order appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

